**Dated: May 16, 2007**
**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**TSG, INC., et. al.,**  Case No. 06-80899
Chapter 11
(Jointly Administered)

Debtors.

# O R D E R

On the 25th day of April, 2007, the First Interim Application of Crowe & Dunlevy for Allowance of Compensation for Services and Reimbursement of Expenses from February 1, 2007 to February 28, 2007 and Brief in Support, filed by counsel for Debtors[1] came on for hearing. After review, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

---

[1] The affiliated and related entities of TSG are AMH, LLC; Stroud Regional Medical Center, LLC; Johnston County Hospital, LLC; Seminole Health Center, L.L.C.; TSG Holdings - Prague, LLC; Apex Practice Management, LLC; Medical Business Services, Inc.; Health Care 2000, Ltd. Co.; TSG Holdings, L.L.C.; TSG - Physical Therapy, LLC; TSG - Anadarko, LLC; TSG Physicians Group, LLC; TSG Equipment, LLC; TSG Holdings - Tishomingo, LLC; TSG Rural, LLC; Emergency Medical Transport Team for Rural Oklahoma, LLC, and Provincial Home Care, LLC.

On November 8 and 9, 2006, Debtors filed for bankruptcy relief under Chapter 11 of the Bankruptcy Code. On November 9, 2006, this Court entered an Order Directing the Joint Administration of the cases. TSG and its affiliates operate a comprehensive private health care company that includes rural clinics, hospitals and senior care. Debtors continue in possession of their properties and the management of their businesses as debtors-in-possession.

This Court entered an Order on November 9, 2006, approving the retention of Crowe and Dunlevy ("Crowe") as counsel for the Debtors. On December 6, 2006, this Court entered an Amended Order establishing the procedures for interim compensation and reimbursement of expenses of professionals. Crowe filed its First Quarterly Fee Application on February 9, 2007, and an Order granting that Application, as modified, was entered March 28, 2007.

Crowe's First Interim Fee Application seeks compensation in the amount of $115,457.40 for fees and $12,363.72 for expenses. No objections to the Application were filed.

Section 331 of the Bankruptcy Code provides:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

What constitutes a reasonable fee is determined on a case by case basis. *In re Matter of Olen,* 15 B.R. 750, 752 (Bankr. E.D. Mich. 1982). However, the compensation allowed bankruptcy attorneys must be sufficient to induce competent attorneys to practice in the bankruptcy area. *In re Yankton College,* 101 B.R. 151, 157 (Bankr. D.S.D. 1989).

2

This Court typically uses the lodestar method when considering fee applications, which involves multiplying the reasonable number of hours spent on a case by a reasonable hourly fee. "After calculating the fee according to the lodestar method, the court may consider other factors to adjust the fee upward or downward. These factors are set forth in Section 330 of the Bankruptcy Code and in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)..." *In re Howell,* 226 B.R. 279, 281 (Bankr. M.D. Fla. 1998). The *Johnson* factors include the novelty and difficulty of the task, the requisite skill level, whether the case precluded other employment, the contingent nature of the fee, time limitations, the amount of money involved and the results obtained, and the experience, reputation, and ability of the attorney. *Johnson*, 488 F.2d at 717-19). *See also, In re Commercial Financial Serv., Inc.,* 427 F.3d 804, 811 (10th Cir. 2005).

Crowe has performed various services on behalf of the estate of the Debtors, including case administration services, asset disposition and asset analysis and recovery services, services regarding stay relief/adequate protection proceedings, meetings and communications with creditors, assumption/rejection and analysis of leases and contracts services, services regarding numerous contested matters in these cases, business operations and analysis services, employee benefits/pension services, financing/cash collections services, tax services, claims administration services, plan and disclosure statement development and general bankruptcy advice.

The services provided by Crowe were necessary to the administration of the case and the fee request is reasonable. Crowe's rates and the time spent on services are reasonable, particularly in this complex case involving eighteen entities with five hospitals. In examining the factors cited above, this Court finds that the fee request should be granted.

IT IS THEREFORE ORDERED that the First Interim Fee Application is **granted,** and

Crowe's interim compensation be allowed in the amount of $115,457.40 subject to and in accordance with this Court's Amended Order *Nunc Pro Tunc* under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, filed on December 6, 2006.

IT IS FURTHER ORDERED that Crowe's expenses be reimbursed in the amount of $12,363.72.

###

4